IN THE CIRCUIT COURT OF THE 18th JUDICIAL DISTRICT
DUPAGE COUNTY – WHEATON, ILLINOIS

Chris Kachiroubas
e-filed in the 18th Judicial Circuit Court
********* DuPage County *********
TRANS# : 4024783
FILEDATE : 04/27/2017
Date Submitted : 04/27/2017 12:54 PM
Date Accepted : 04/27/2017 02:38 PM
JAMES KUFER
7-25-2017 RM2016 9AM

| | | |
|---|---|---|
| LESTER EINHAUS, | ) | Case No: 2017L000506 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | Ad Damnum: |
| | ) | $489,256.14 plus exemplary |
| TEXTMUNICATION HOLDINGS, INC. | ) | damages, attorneys' fees and |
| A Nevada corporation, | ) | court costs |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES Plaintiff, LESTER EINHAUS, by and through his attorneys, THE TRACY FIRM, LTD, and for its cause of action against Defendant TEXTMUNICATION HOLDINGS, INC., a Nevada corporation, alleges as follows:

### Parties, Jurisdiction & Venue

1. Plaintiff Lester Einhaus is a private investor and resident of the State of Illinois ("Einhaus")

2. Defendant TEXTMUNICATION HOLDINGS, INC., a Nevada corporation, ("TXHD") is a company actively engaged in mobile advertising from its offices in Pleasant Hill, California. TXHD is a publicly-traded company subject to the periodic reporting requirements of the Securities Exchange Act of 1934. Upon information and belief, the corporation has failed to maintain is periodic report obligations in an effort thwart its convertible securities holders from trading in its common stock.

3. This Court holds personal jurisdiction over TXHD pursuant to the Illinois "Long Arm" statute, 735 ILCS 5/2-209, as the facts and circumstances which form the basis of the causes of action alleged herein arise from a contract substantially related to the

1

State of Illinois, tortious acts within the State, and a breach of contract within the State of Illinois. Moreover, TXHD has explicitly agreed and consented to the jurisdiction of this Court in the agreement which form the basis for this cause of action.

4. Venue is proper as provided by 735 ILCS 5/2-201 as TXHD is not a resident of the State of Illinois.

## Statement of Facts

5. On or about September 23, 2015, TXHD made a convertible promissory note bearing ten (10%) percent interest per annum in favor of EINHAUS in the principal amount of Twenty-Five Thousand and 00/100 ($25,000/00)(the "Note"). As consideration therefor, EINHAUS advanced TXHD an event amount thereto, with the expectation of the return of his principal and interest thereon. A true and accurate copy of the Note is attached as Exhibit A thereto, and further incorporated by reference herein.

6. At the time the Note was made, and at all times relevant thereafter, TXHD was largely insolvent and unable to repay its debt as they came due. This fact was concealed from EINHAUS at the time the Note was made in an effort to induce him to transact. Upon information and belief, TXHD is currently in default on other debt obligations.

7. The Note, in relevant part, further provided that, at his election, EINHAUS had the right to convert all or part of the then-outstanding principal and interest in shares of the common stock of TXHD at a factor of fifty (50%) percent of the preceding twenty-five (25) average quoted "bid" price. See Exhibit A at ¶ 3. To such end, and as contractually provided for in the Note, TXHD was required to direct its then-transfer agent, Worldwide Stock Transfer, to issue EINHAUS the requisite amount of shares of common stock pursuant to any conversion request. In accordance with the terms of the Note, beginning

2

on April 4, 2016, EINHAUS made nineteen (19) separate demands to convert all of the then-outstanding principal and interest of the Note into TXHD common stock – each such request being improperly denied and ignored by TXHD without justification.

8. The Note matured on March 23, 2016, but TXHD has failed to pay any amount of principal or interest now due thereunder. See Exhibit A at ¶ 1. Moreover, the Note further provides that "[s]hould [TXHD] fail to comply with such conversions, for whatever reason, [EINHAUS] is entitled to receive 15% interest, of the dollar amount being converted, added to the principal for the first 15 days passed, along with an additional 15% interest every 30 days." See Exhibit A at ¶ 3. To wit, there remains an outstanding balance on the Note equal to:

| | |
|---|---|
| Principal | $25,000.00 |
| Interest | $3,856.16 |
| Penalty (Non Conversion) | $79,896.16 |
| Penalty Interest | $380,503.82 |
| Total: | $489,256.14 |

Moreover, EINHAUS has been further damaged and incurred lost profits as a direct and proximate result of the failure of TXHD to honor his conversion requests.

### Count I – Violation of the Exchange Act of 1934

9. EINHAUS incorporates paragraphs one (1) through eight (2) as if fully restated herein.

10. The Note, and the underlying common stock that the Note is convertible into, are each represent a "security" of TXHD as defined in Section 10(b) of the 1934 Act and Securities and Exchange Commission Rule 10b-5 promulgated thereunder.

3

11. TXHD employed fraudulent misrepresentations, artifices of fraud, and material omissions as means to solicit the sale of the Note to EINHAUS as follows:

   a. Failed to pay principal and interest when due;

   b. Developed, derived and concocted the sale of the Note to EINHAUS with knowledge and intent that it would never repay the Note despite assertions as to the same;

   c. Willfully concealed and misrepresented its financial condition and the fact that it was generally unable to pay its debts as they came due; and

   d. Intentionally refused to honor any of the nineteen (19) conversion requests that EINHAUS made upon the corporation.

12. TXHD knew that its representations with respect to the Note were materially false, misleading or otherwise failed to contain adverse material information.

13. By virtue of TXHD's false representations and omissions, it has violated Section 10(b) of the 1934 Act and Rule 10b-5 in that it (a) employed devices schemes and artifices to defraud; (b) made untrue statements of material facts and omitted adverse material facts to make the statements made not misleading, and (c) engaged in acts, practices and a course of business that operated as a fraud and deceit on EINHAUS.

14. The acts described above were material to inducing EINHAUS to purchase the Note by way of communications through interstate commerce, and by way of telephone communications, emails, skype and wire transfers.

15. TXHD acted with scienter in that they knew that its statements to EINHAUS were materially false at the time it made such false statements and that it made material omissions in an effort to persuade EINHAUS to transact.

4

16. As a direct and proximate result of TXHD' false representations and material omissions, EINHAUS has been damaged.

17. TXHD' actions were malicious and in wanton disregard of EINHAUS' rights, and with the intent to injure them, and by reason thereof, punitive and exemplary damages should be assessed against them.

WHEREFORE, Plaintiff EINHAUS prays for the relief set forth below.

### Count II – Action for Debt

18. EINHAUS incorporates paragraphs one (1) through seventeen (17) as if fully restated herein.

19. TXHD is indebted to EINHAUS in the amount of Four Hundred Eighty-Nine Thousand two hundred fifty-six and 14/100 ($489,256.14) Dollars consisting of principal, accrued interest and liquidated damages to EINHAUS as a result of the written contract entered into on September 23, 2015 – i.e.., the Note.

20. EINHAUS has made a demand for payment, and after all credits, if any, have been applied, TXHD is indebted to EINHAUS as of the date hereof in the aggregate amount of Four Hundred Eighty-Nine Thousand two hundred fifty-six and 14/100 ($489,256.14) Dollars.

21. TXHD entered into the agreement attached as Exhibit A pursuant to which it promised to pay the entire funded portion of the note all costs of collection including reasonable attorneys' fees incurred by EINHAUS, and EINHAUS is therefore entitled to collection costs and/or reasonable attorneys' fees in the amount of Two Thousand five hundred and 00/100 ($2,500/00) Dollars.

WHEREFORE, Plaintiff EINHAUS prays for the relief set forth below.

### Count III – Action for Breach of Promissory Note

22. EINHAUS incorporates paragraphs one (1) through twenty-one (21) as if fully restated herein.

23. For good and valuable consideration, EINHAUS is the holder of the Note executed by Defendant on or about September 23, 2015 and at that time delivered by TXHD to EINHAUS. A true and correct copy of the note is attached and made a part of this Complaint as Exhibit A.

24. TXHD is in material breach of Note. To wit:

    a. Failed to pay principal and interest when due;

    b. Developed, derived and concocted the sale of the Note to EINHAUS with knowledge and intent that it would never repay the Note despite assertions as to the same;

    c. Willfully concealed and misrepresented its financial condition and the fact that it was generally unable to pay its debts as they came due; and

    d. Intentionally refused to honor any of the nineteen (19) conversion requests that EINHAUS made upon the corporation.

25. This Note is in default and has been in default since March 23, 2016. There is a balance due in the amount of Four Hundred Eighty-Nine Thousand two hundred fifty-six and 14/100 ($489,256.14) Dollars and, pursuant to the provisions of Exhibit A, there is further due EINHAUS from TXHD attorney's fees and costs.

26. EINHAUS has made due demand on TXHD to pay the balance due him, but TXHD has failed to do so without just cause.

27. EINHAUS has performed all the conditions precedent required of it

Document received on 2017-04-27-12;54;48.0 Document accepted on 04/27/2017 14:39:08 # 4024783/17043722176

28. The Note provides for the payment of reasonable attorneys' fees. Reasonable attorneys' fees in this matter are Two Thousand five hundred and 00/100 ($2,500/00) Dollars.

WHEREFORE, Plaintiff EINHAUS pays for the relief set forth below.

### Count IV – Breach of Contract

29. EINHAUS incorporates paragraphs one (1) through twenty-eight (28) as if fully restated herein.

30. By virtue of the acts and omissions described above, EINHAUS and TXHD entered into Note, which constitutes a binding contract between the parties

31. EINHAUS has performed all of its obligations under the Note.

32. TXHD is in material breach of the Note insomuch that it:

   a. Failed to pay principal and interest when due;

   b. Developed, derived and concocted the sale of the Note to EINHAUS with knowledge and intent that it would never repay the Note despite assertions as to the same;

   c. Willfully concealed and misrepresented its financial condition and the fact that it was generally unable to pay its debts as they came due; and

   d. Intentionally refused to honor any of the nineteen (19) conversion requests that EINHAUS made upon the corporation.

33. TXHD was aware that EINHAUS would incur consequential and exceptional damages as a result of its breach of contract.

34. TXHD has been in breach since March 23, 2016. There is a balance due in the amount of Four Hundred Eighty-Nine Thousand two hundred fifty-six and 14/100

7

($489,256.14) Dollars and, pursuant to the provisions of Exhibit A, there is further due EINHAUS from TXHD attorney's fees and costs.

35. EINHAUS has made demand upon TXHD to cure the defaults, but TXHD has refused to do so.

36. TXHD has been unjustly enriched and EINHAUS has suffered damages as a direct and proximate result of the TXHD's breach of contract.

WHEREFORE, Plaintiff EINHAUS prays for the relief set forth below.

### Count V – Common Law Fraud

37. EINHAUS incorporates paragraphs one (1) through thirty-six (36) as if fully restated herein.

38. By virtue of the acts and omissions described herein, TXHD intentionally and knowingly made fraudulent, and false misrepresentations, and omissions to EINHAUS in connection with the sale of the Note.

39. To wit, TXHD has:

   a. Failed to pay principal and interest when due;

   b. Developed, derived and concocted the sale of the Note to EINHAUS with knowledge and intent that it would never repay the Note despite assertions as to the same;

   c. Willfully concealed and misrepresented its financial condition and the fact that it was generally unable to pay its debts as they came due; and

   d. Intentionally refused to honor any of the nineteen (19) conversion requests that EINHAUS made upon the corporation.

8

40. TXHD knew or had reason to know that the statements and omissions described above were false. TXHD made the false statements and omissions with the intention to induce EINHAUS to transact.

41. The acts described above were material to inducing EINHAUS enter into Note by way of communications through interstate commerce, and by way of telephone communications, emails, skype and wire transfers.

42. TXHD knew that EINHAUS would reasonably rely on those false statements and omissions, and that those statements would induce EINHAUS to engage in the desired actions.

43. EINHAUS did reasonably rely on the false statements made by TXHD, and as a result of EINHAUS' reasonably reliance, he has suffered damages.

WHEREFORE Plaintiff EINHAUS prays for the relief set forth below.

9

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LESTER EINHAUS respectfully prays this Court grant the following relief:

    a.    Judgment in favor of Plaintiff for actual damages in the amount of Four Hundred Eighty-Nine Thousand two hundred fifty-six and 14/100 ($489,256.14) Dollars plus prejudgment interest;

    b.    Additional damages in an amount to be proven at trial, including compensatory and exemplary damages;

    c.    Plaintiffs' attorneys fees and court costs; and

    d.    Any other relief this Court deems fit.

Dated: April 27, 2017        Respectfully submitted,

                                    LESTER EINHAUS

                                    /s/Adam S. Tracy
                                    One of Its Attorneys

Adam S. Tracy
The Tracy Firm, Ltd.
2100 Manchester Road
Suite 615
Wheaton, IL 60187
888.978.9901 Tel.
630.689.9471 Fax
at@ibankattorneys.com
ARDC 6287552
DuPage: 243854

Document received on 2017-04-27-12.54.48.0 Document accepted on 04/27/2017 14:39:08 # 4024783/17043722176

Lester Einhaus v. Textmunication Holding, Inc.
2017-L-506
Exhibit A

*Chris Kachiroubas*
e-filed in the 18th Judicial Circuit Court
********* DuPage County *********
TRANS#: 4037716
2017L000506
FILEDATE : 05/16/2017
Date Submitted : 05/16/2017 11:58 AM
Date Accepted : 05/16/2017 01:33 PM
**CHRISTINE LAPUMA**

Plaintiff's Attorney
Adam S. Tracy
DuPage 243854

**PROMISSORY NOTE**

$25,000.00                                                                 Date: September 23, 2015

FOR VALUE RECEIVED, Textmunication Holdings, Inc., a Nevada corporation (hereinafter "DEBTOR"), promises to pay to the order of Lester Einhaus, its successors and assigns (hereinafter "HOLDER"), a principal amount of Twenty five-Thousand Dollars ($25,000.00).

The debt arises from the [describe here if debt arises from loan or services]. [Include a copy of applicable payment or services contract] is attached hereto and incorporated herein by this reference (Exhibit "A").

1. Principal on this Note shall be due and payable on 23 March, 2016 (the "Maturity Date"). The maturity date can be extended at the sole discretion of the HOLDER.

2. The outstanding principal balance of this Note may be prepaid at any time at the option of the DEBTOR, in whole or in part, without premium or penalty. All payments shall be at the option of the HOLDER.

3. The HOLDER may, at its sole option, convert the outstanding principal balance and accrued interest of 10% per annum, into the DEBTOR's Common stock at discount of Fifty Percent (50%) at maturity and 25 days look back to the lowest bid.
    a. The HOLDER represents and warrants that it will not, at any time, convert any portion of the Note that will make it a Five Percent (5%) [reporting issuer] or Ten Percent (10%) [non-reporting issuer] or greater shareholder Textmunication Holdings, Inc., which will revert it to affiliate status.
    b. The executed Promissory Note dated 23 September, 2015, permits conversion by the HOLDER, at any time, of any amount of the principal balance and interest owed by the DEBTOR to the HOLDER, into shares of Textmunication Holdings, Inc. common stock. Should the DEBTOR fail to comply with such conversions, for whatever reason, the HOLDER is entitled to receive 15% interest, of the dollar amount being converted, added to the principal for the first 15 days passed, along with an additional 15% interest every 30 days.

4. Moreover, the $25,000.00 debt, or any portion thereof, is assignable and transferrable at the sole discretion of HOLDER.

5. As used herein, the term "Event of Default" shall mean and include any one or more of the following events, which events shall constitute an Event of Default hereunder and under any documents related hereto:
    a. The DEBTOR shall fail to pay when due, any amounts required to be paid under this Note or any other indebtedness of the DEBTOR to the HOLDER or to any third party whether any such indebtedness is now existing or hereafter arises and whether direct or indirect, due or to become due, absolute or contingent, primary or secondary or joint and several;
    b. The DEBTOR shall file a petition in bankruptcy or for reorganization or for an arrangement pursuant to any present or future state or federal bankruptcy act or under any similar federal or state law, or shall be adjudicated a bankrupt or insolvent, or shall make a general assignment for the benefit of its creditors, or shall be unable to pay its debts generally as they become due, or shall be insolvent (whether in the equity or bankruptcy sense);
    c. Final judgment(s) for the payment of money shall be rendered against the DEBTOR and shall remain undischarged for a period of thirty (30) days during which execution shall not be effectively stayed;
    d. Any representation or warranty made by the DEBTOR herein or in any document related hereto shall prove to be untrue or misleading in any material respect, or any statement, certificate or report furnished hereunder or under any of the foregoing documents by or on

behalf of the DEBTOR shall prove to be untrue or misleading in any material respect on the date when the facts set forth and recited therein are stated or certified;

e. The DEBTOR shall liquidate, dissolve, terminate or suspend its business operations or otherwise fail to operate its business in the ordinary course, or sell all or substantially all of its assets, without the prior written consent of the HOLDER; and

f. The DEBTOR shall fail to pay, withhold, collect or remit any tax or tax deficiency when assessed or due (other than any tax or tax deficiency which is being contested in good faith and by proper proceedings and for which it shall have set aside on its books adequate reserves therefor) or notice of any state or federal tax liens shall be filed or issued.

6. Upon the occurrence of an Event of Default, and at any time thereafter, the unpaid principal balance hereof shall, at the option of the HOLDER, be immediately due and payable, without notice or demand.

7. Upon the occurrence of an Event of Default or at any time thereafter, the HOLDER shall have the right to set off any and all amounts due hereunder by the DEBTOR to the HOLDER against any indebtedness or obligation of the HOLDER to the DEBTOR.

8. The DEBTOR promises to pay all costs of collection of this Note paid or incurred by the HOLDER on account of such collection, whether or not suit is filed with respect thereto and whether such cost or expense is paid or incurred, or to be paid or incurred, prior to or after the entry of judgment.

9. This Note shall be governed by and construed in accordance with the laws of the State of Illinois, without giving effect to the choice of law provisions thereof.

10. The DEBTOR hereby irrevocably submits to the jurisdiction of any Illinois state court or federal court over any action or proceeding arising out of or relating to this Note, and any instrument, agreement or document related thereto, and the DEBTOR hereby irrevocably agrees that all claims in respect of such action or proceeding may be heard and determined in such Illinois state or federal court.

IN WITNESS WHEREOF, the DEBTOR and HOLDER have executed this Promissory Note as of the day and year first above written.

Textmunication Holdings, Inc
"DEBTOR"

Lester einhaus
"HOLDER"

AFFIDAVIT OF DAMAGES                                                                      2348 (Rev. 03/07)

| STATE OF ILLINOIS | UNITED STATES OF AMERICA<br>IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT | COUNTY OF DU PAGE |
|---|---|---|

Lester Einhais

2017L000506

vs

Textmunication Holdings, Inc.

CASE NUMBER

*Chris Kachiroubas*
e-filed in the 18th Judicial Circuit Court
********* DuPage County *********
TRANS#: 4024783
2017L000506
FILEDATE: 04/27/2017
Date Submitted: 04/27/2017 12:54 PM
Date Accepted: 04/27/2017 02:38 PM
JAMES KUFER

File Stamp Here

# AFFIDAVIT OF DAMAGES

### SUPREME COURT RULE 222

The undersigned being first duly sworn upon oath, deposes and states that he / she is a party to the above entitled cause of action seeking money damages or collection of taxes and states that this cause of action

☐ does **not** exceed $50,000.00          ☒ **does** exceed $50,000.00

_____

Sworn and Subscribed before me

4·27·17
Date

_Megan Ruettiger_
Notary Public / Circuit Court Clerk

MEGAN RUETTIGER
Official Seal
Notary Public - State of Illinois
My Commission Expires Nov 7, 2020

CHRIS KACHIROUBAS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ✪
WHEATON, ILLINOIS 60187-0707

Document received on 2017-04-27-12 54 48.0 Document accepted on 04/27/2017 14:39:05 # 4024783/17043722176

SUMMONS - CIRCUIT COURT 3101-1 (Rev. 03/2011)

| STATE OF ILLINOIS | UNITED STATES OF AMERICA<br>IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT | COUNTY OF DU PAGE |
|---|---|---|

Lester Einhaus
PLAINTIFF

vs

Textmunication Holdings, Inc.
DEFENDANT

2017L000506
CASE NUMBER

**SUMMONS**
CIRCUIT COURT

[X] ORIGINAL [ ] ALIAS

File Stamp Here

To each Defendant: **Textmunication Holdings, Inc. c/o NPC World Services 6490 W Desert Inn Rd. Las Vegas, NV 89146**

You are Summoned and Required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance in the office of the Clerk of the Circuit Court, 505 N. County Farm Road, Wheaton, Illinois, within 30 days after service of this summons not counting the day of service.

If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

To the Officer

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service and not less than three (3) days before the date of appearance. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than thirty (30) days after its date.

**DATE OF SERVICE**

TO BE INSERTED BY OFFICER ON COPY LEFT WITH DEFENDANT OR OTHER PERSON

Name: Adam S. Tracy [ ] PRO SE
DuPage Attorney Number: 243854
Attorney for: Plaintiff
Address: 2100 Manchester Rd. Suite 615
City/State/Zip: Wheaton, IL 60187
Telephone Number: 8886117716

**WITNESS:**

**CHRIS KACHIROUBAS,** Clerk of the Eighteenth Judicial Circuit Court, and the seal thereof, Wheaton, Illinois

Electronically Issued

Date 05/09/2017

CHRIS KACHIROUBAS, Clerk
Deputy Clerk

By JAMES KUFER
Deputy Clerk

4032588

NOTE:
The filing of an appearance or answer with the Circuit Court Clerk requires a statutory filing fee, payable at the time of filing.

If you need legal advice concerning your legal responsibility as a result of this summons being serviced upon you and you don't have a lawyer, you can call the DuPage Bar Association, Lawyer Referral Service at 630-653-9109.

CHRIS KACHIROUBAS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©
WHEATON, ILLINOIS 60187-0707

Document received on 2017-05-09-09.49.28.0 Document accepted on 05/09/2017 09:51:27 # 4032588/17043730221

SUMMONS - CIRCUIT COURT                                                                 3101-2 (Rev. 03/2011)

## SHERIFF'S FEES

Service and return .................................................................. $ _____

Miles _____ .................................................................. $ _____

    Total .................................................................................................. $ _____

Sheriff of _____ County

## SHERIFF'S RETURN

I certify that I served this summons on defendant as follows:

☐    (a)    (Individual - **personal**):
By leaving a copy and a copy of the complaint with each individual as follows:

☐    (b)    (Individual - **abode**):
By leaving a copy and a copy of the complaint at the usual place of abode of each individual with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and the complaint in a sealed envelope with postage fully prepaid, addressed to each individual at the usual place of abode, as follows:

☐    (c)    (Corporation):
By leaving a copy and a copy of the complaint with the registered agent, officer, or agent of each corporation as follows:

☐    (d)    (Other service):

☐    (e)    (Unable to Serve):
By _____ , Deputy Badge Number: _____

Name of Defendant _____     Name of Defendant _____

Name of Person summons given to _____     Name of Person summons given to _____

Sex _____ Race _____ Approx. age _____     Sex _____ Race _____ Approx. age _____

Place of service _____     Place of service _____

City, State _____     City, State _____

Date of service _____ Time _____     Date of service _____ Time _____

Date of Mailing _____     Date of Mailing _____

   Sheriff of _____ County

Special Process Server of _____     County Illinois License # _____

   By _____

CERTIFIED COPY AUTHENTICATED UNDER THE ACT OF CONGRESS     3710 (Rev 12/14)

**STATE OF ILLINOIS**     **UNITED STATES OF AMERICA**     **COUNTY OF DU PAGE**
IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT

## Authentication under Act of Congress

I **Chris Kachiroubas**, do hereby certify that I am the duly elected qualified acting Clerk of the Eighteenth Judicial Circuit Court of DuPage County, Illinois and that as such Clerk, I am the Keeper and Custodian of the files and records of the said Court, and the Seal thereof.

I do further certify that the foregoing to be a true, perfect and complete copy of

LESTER EINHAUS VS TEXTMUNICATION HOLDINGS, INC., CASE NUMBER 2017L000506, FILED ON MAY 16, 2017.

as it appears in the files of my office now remaining,

**WITNESS: CHRIS KACHIROUBAS**, Clerk of the Eighteenth Judicial Circuit Court and the seal thereof, Wheaton, Illinois

Date Jun 12, 2017

*Chris Kachiroubas*
**CHRIS KACHIROUBAS**
Circuit Court Clerk

N. FIELDS
Deputy Circuit Court Clerk

### JUDGE'S CERTIFICATE

I **Kathryn E. Creswell**, Chief Judge of the Eighteenth Judicial Circuit Court of DuPage County, Illinois do hereby certify that **Chris Kachiroubas**, whose name is subscribed to the foregoing Certificate of Attestation, now is and was at the time of signing and sealing, the Clerk of the Eighteenth Judicial Circuit Court of DuPage County, Illinois and the keeper of the files and records and Seal thereof, duly elected and qualified to office; that full faith and credit here are and or right ought to be given to all his official acts as such, in all courts of record and elsewhere, and that his said attestation is due form of law and by the proper officer.

**WITNESS:** I have hereunto set my Hand

Date Jun 12, 2017

**CHIEF JUDGE**
Eighteenth Judicial Circuit Court

### CLERK'S CERTIFICATE

I **Chris Kachiroubas**, Clerk of the Eighteenth Judicial Circuit Court of DuPage County, Illinois, do hereby certify that **Kathryn E. Creswell**, whose signature is appended to the foregoing certificate, was at the time of signing the Chief Judge of the Eighteenth Judicial Circuit Court of DuPage County, Illinois; that full faith and credit are and or right ought to be given to all his official acts such, in all courts of records of elsewhere.

**WITNESS:** I have hereunto set my hand and caused to be affixed the Seal of the Eighteenth Judicial Circuit Court at Wheaton, Illinois.

CLERK OF THE
18TH CIRCUIT COURT

2017 JUN 12 A 10: 56

*Chris Kachiroubas*
SEAL/SIGNATURE

CHRIS KACHIROUBAS, CLERK OF THE 18th JUDCIAL CIRCUIT COURT ©
WHEATON, ILLINOIS 60187-0707