UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LESTER EINHAUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 17 C 4478 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| TEXTMUNICATION HOLDINGS, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

After Defendant Textmunication Holdings, Inc. ("THI") failed to honor its obligations arising from a convertible promissory note THI made in favor of Plaintiff Lester Einhaus in September 2015, Einhaus brought this federal securities and state-law breach of contract, fraud, and debt action against THI.  THI has filed both a motion to dismiss [10] and a motion to transfer venue to the District of Nevada pursuant to 28 U.S.C. § 1404(a) [11].  Because THI has failed to establish that the balance of private and public interests strongly favors transferring Einhaus' case to the District of Nevada, the Court denies the motion to transfer [11].  Because Einhaus has failed to allege a violation of § 10(b) or common-law fraud with the requisite particularity, the Court grants the motion to dismiss Einhaus' federal securities fraud claim and state-law fraud claims, Counts I and V, respectively.  The Court denies the motion with respect to Einhaus' claims in Counts II, III, and IV for debt, breach of promissory note, and breach of contract claims, respectively, because, while they may be duplicative, THI has not stated which of the three counts should be allowed to proceed and duplicativeness is not a valid basis on which to strike all duplicative counts.

# BACKGROUND[1]

THI is a technology company incorporated in Nevada and headquartered in California that engages in mobile phone advertising. Einhaus is a private investor who lives in Illinois.

In September 2015, Einhaus loaned THI $25,000 and the parties executed a promissory note pursuant to which THI was obligated to repay the $25,000 with 10% annual interest. The note matured on March 23, 2016 and remains unpaid as of the filing of the complaint in this case. At the time Einhaus made the loan, THI was "largely insolvent" and unable to pay its debts. Doc. 1-1 at 2.

Pursuant to the promissory note, Einhaus was entitled to convert the outstanding principal and interest of the loan to shares of THI common stock at a discounted rate. When the note became due and THI failed to pay the balance owed, Einhaus demanded that THI convert his loan into shares of common stock. The promissory note states that failure on the part of THI to honor such a request within 15 days will result in a 15% penalty and an additional 15% penalty for every additional period of 30 days that THI does not honor the conversion. To date, THI has neither converted the debt to common stock nor paid the amount owed on the loan. Einhaus asserts that by the terms of the note, THI now owes Einhaus $489,256.14

# ANALYSIS

## I.      Motion to Transfer

THI argues that the Court should transfer this action to the District of Nevada pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that the Court may transfer venue to another district "for the convenience of the parties and witnesses, in the interest of justice." For the Court to transfer the case under § 1404(a), THI must demonstrate that "(1) venue is proper in this

---

[1] The facts in the background section are taken from Einhaus' complaint and are presumed true for the purpose of resolving THI's motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

district; (2) venue is proper in the transferee district; (3) the transferee district is more convenient for both the parties and the witnesses; and (4) transfer would serve the interest of justice." *Gueorguiev v. Max Rave, LLC*, 526 F. Supp. 2d 853, 856 (N.D. Ill. 2007). The transfer decision is committed to the Court's sound discretion because the "weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). The parties do not dispute that venue is proper in this district or in the District of Nevada. Thus, the Court turns to whether transfer would serve the convenience of the parties and witnesses and be in the interest of justice.

      **A.**      **Convenience of the Parties and Witnesses**

In evaluating the convenience of the parties and witnesses, the Court considers (1) Einhaus' choice of forum, (2) the situs of material events, (3) the relative ease of access to proof, (4) the convenience of the parties in litigating in the respective forums, and (5) the convenience of the witnesses. *Sojka v. DirectBuy, Inc.*, No. 12 C 9809, 2014 WL 1089072, at *2 (N.D. Ill. Mar. 18, 2014).

Courts typically give a plaintiff's choice of forum substantial deference, particularly when he lives in the district, as Einhaus does here. *Brandon Apparel Grp., Inc. v. Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 833 (N.D. Ill. 1999). As a result, this factor weighs against transfer.

With respect to the situs of material events, Einhaus' claims arise from the promissory note THI executed in Einhaus' favor. Einhaus asserts, without basis, that "the very plain language found [in the promissory note] states that the situs of the transaction was Illinois." Doc. 17 at 5. There is no such language in the promissory note. However, neither party states where any of the relevant events took place, including the solicitation of the lending agreement, the negotiation and execution of the promissory note, and the lending of the funds. THI at most

states that it is a Nevada corporation and that these events took place, but it does not state that these events took place in Nevada. Given the fact that THI's place of business and employees are located in California, it is likely these events did not take place in Nevada. Regardless the Court is unable to make a determination as to the situs of the material events and, therefore, this factor is neutral.

As for sources of proof, the parties do not identify what proof, other than witness testimony, they may present in this case. To the extent the other sources of proof are documents, as they are likely to be in a securities fraud case, they are presumed to be easily transportable, so the access to proof factor does not weigh heavily in favor of either district. *See Rabbit Tanaka Corp. USA v. Paradies Shops, Inc.*, 598 F. Supp. 2d 836, 840 (N.D. Ill. 2009) ("In this day and age, transferring documents from one district to another is commonplace and, given the widespread use of digital imaging in big-case litigation, no more costly than transferring them across town.").

In evaluating the convenience of the parties, the Court considers the parties' residences and their ability to bear the expense of litigating in each forum. *Brandon Apparel*, 42 F. Supp. 2d at 834. Where the parties have willingly assented to a forum selection clause (even a permissive one such as is present in this case), however, they cannot then argue that it would be inconvenient to litigate the case in the selected forum.[2] *Heller Fin., Inc. v. Midwhey Powder Co.*, Inc., 883 F.2d 1286, 1293 (7th Cir. 1989). THI does not argue that the District of Nevada is more convenient for it. Furthermore, Einhaus states that the District of Nevada would be inconvenient for him. Einhaus lives in Illinois, in this District. He claims to be a novice investor, employed as a utility worker with irregular hours. These allegations are not supported

---

[2] The forum selection clause in the promissory note states that any action arising out of the agreement "may be heard and determined in such <u>Illinois</u> state or federal court." Doc. 1-1 at 13 (underlining in original).

4

by an affidavit or verified complaint, and as such, the Court accords them little weight when balancing convenience, *Boys v. Mass Mut. Life Ins. Co.*, No. 2:12-CV-445, 2013 WL 3834010, at *5 (E.D. Tenn. July 24, 2013), but because THI has provided no argument as to its inconvenience, the little weight accorded Einhaus' claims prevails. This factor, therefore, does not favor transfer.

The final factor of this prong is the convenience of witnesses. THI argues that the case should proceed in the District of Nevada because the three non-party witnesses THI identified live in Southern California, which is significantly closer to Nevada than to Illinois. "The convenience of witnesses is often viewed as the most important factor in the transfer balance," with the Court to consider not just the number of witnesses located in each forum but also the nature, quality, and importance of their testimony. *Brandon Apparel*, 42 F. Supp. 2d at 834 (quoting *Rose v. Franchetti*, 713 F. Supp. 1203, 1214 (N.D. Ill. 1989)). The Court gives less weight to the convenience of party witnesses, who the Court presumes would appear voluntarily at trial in this district. *See AL & PO Corp. v. Am. Healthcare Capital, Inc.*, No. 14 C 1905, 2015 WL 738694, at *4 (N.D. Ill. Feb. 19, 2015) ("[T]he convenience of witnesses who are within a party's control, such as a party's employees, is far less important than the convenience of non-party witnesses."); *Bullard v. Burlington N. Santa Fe Ry. Co.*, No. 07 C 6883, 2008 WL 4104355, at *4 (N.D. Ill. Aug. 28, 2008) ("Courts are less concerned about the burden that appearing at trial might impose on witnesses who are either employees of parties or paid experts; it is presumed that such witnesses will appear voluntarily."). THI has identified in general terms the substance of the three non-party witnesses' testimony, and it does appear that such testimony will be relevant to the claims and potential defenses in this case. However, proceeding here would not preclude depositions in California. *See, e.g.*, *In re Hudson*, 710 F.3d 716, 719 (7th

5

Cir. 2013) ("[W]itnesses can be deposed, examined, and cross-examined remotely and their videotaped testimony shown at trial."). Furthermore, if this case were to go to trial in either district, it would require the witnesses to travel from Southern California. The fact that the flight to the District of Nevada is a few hours shorter than the flight to this District does not seem to greatly diminish the inconvenience to those witnesses. Therefore, this factor slightly favors transfer, but not substantially. Taking all of the factors into account, the analysis regarding convenience of the parties and witnesses slightly disfavors transfer.

B. **Interest of Justice**

"The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). Courts consider factors such as the likelihood of a speedy trial, each court's familiarity with the applicable law, the desirability of resolving controversies in each locale, and the relationship of each community to the controversy. *Id.*; *Coffey*, 796 F.2d at 220.

Einhaus brings claims under federal law and Illinois common law. Judges in either district are presumed to be equally familiar with the law governing Einhaus' claims, making this factor neutral. *See Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, --- U.S. ----, 134 S. Ct. 568, 584, 187 L. Ed. 2d 487 (2013) ("[F]ederal judges routinely apply the law of a State other than the State in which they sit."). The average time between filing and disposition in the District of Nevada is 7.7 months versus 8.5 months in this District. The average time from filing to trial in the District of Nevada is 42.3 months versus 36.8 months in this District.[3] This factor is neutral or slightly favors the District of Nevada as most cases are resolved before trial. *See AL*

---

[3] These figures come from the website of the United States Courts detailing federal court management statistics as of September 2017. *See h*ttp://www.uscourts.gov/sites/default/files/data_tables/fcms_na_dist profile0930.2017.pdf.

*& PO Corp.*, 2015 WL 738694, at *5 (although time to trial was significantly longer in Northern District of Illinois than in alternative district, factor did not require transfer where TCPA cases did not frequently reach trial).

There is a current, related case between these parties pending in Nevada state court, and THI argues that judicial efficiency will be better served if this case is transferred to the District of Nevada. There is some efficiency gained by hearing related cases in the same district. *See Levitt v. State of Md. Deposit Ins. Fund Corp.*, 643 F. Supp. 1485, 1493 (E.D. NY. 1986) (transfer of an action to a district where a related case is pending allows for more efficient adjudication). However, here the proposed transfer is merely to the same geographic location, not the same judicial district because the other case is in state court. THI argues that because both cases involve the same parties and stem from the same transaction, and will use the same witnesses and evidence, it is more efficient to have the cases in the same state. It is not clear why this would be the case. The two cases will not be heard by the same judge, they will be on different schedules, and, if they go to trial, will be tried separately. Simply being in the same state does not mean that there would be any increased judicial efficiency, and THI has failed to show otherwise. Therefore, this factor is neutral.

Finally, both districts have an interest in the controversy, as Illinois has an interest in protecting its citizens from fraudulent transactions, while Nevada has an interest in ensuring its corporations receive a fair trial. Taken as a whole, the Court finds these factors essentially neutral.

Ultimately, THI has failed to establish that the balance of private and public interests strongly favors transferring Einhaus' case to the District of Nevada. *See In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) ("[U]nless the balance is strongly in favor of the

defendant, the plaintiff's choice of forum should rarely be disturbed." (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 91 L. Ed. 1055 (1947))). Therefore, the Court denies THI's motion to transfer.

## II.     Motion to Dismiss

The Court next addresses THI's motion to dismiss the complaint. THI argues that Counts I and V, Einhaus' § 10(b) and common law fraud claims, respectively, do not allege fraudulent conduct with the specificity required under Federal Rule of Civil Procedure 9(b) and that the § 10(b) claim also fails to meet the higher pleading standard under the Private Securities Litigation Reform Act ("PSLRA") for federal securities fraud claims. Additionally, THI moves to dismiss Counts II, III, and IV as duplicative of each other.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and

a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This "ordinarily requires describing the 'who, what, when, where, and how' of the fraud, although the exact level of particularity that is required will necessarily differ based on the facts of the case." *AnchorBank*, 649 F.3d at 615 (citation omitted). Rule 9(b) applies to "all averments of fraud, not claims of fraud." *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). "A claim that 'sounds in fraud'— in other words, one that is premised upon a course of fraudulent conduct—can implicate Rule 9(b)'s heightened pleading requirements." *Id.*

### A. Count I: Securities Fraud

On top of the burden imposed by Rules 12(b)(6) and 9(b), Congress further heightened the pleading standard on securities fraud claims when it enacted the PSLRA. Congress created this standard to check pleading abuses in private securities fraud suits. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313–14, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007). In a securities fraud action, a plaintiff must allege and ultimately prove:

> (1) a material misrepresentation (or omission); (2) scienter, *i.e.*, a wrongful state of mind; (3) a connection with the purchase or sale of a security; (4) reliance, often referred to in cases involving public securities markets (fraud-on-the-market cases) as "transaction causation"; (5) economic loss; and (6) "loss causation," *i.e.*, a causal connection between the material misrepresentation and the loss.

*Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 341–42, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (emphasis omitted) (citations omitted). In order to properly allege that defendants

9

misrepresented or omitted material facts, the PSLRA requires plaintiffs to "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information or belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1). In pleading scienter, the PSLRA requires that plaintiffs, "with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). For an inference to be "strong," it must be "cogent and at least as compelling as any plausible opposing inference one could draw from the facts alleged." *Tellabs*, 551 U.S. at 324. Count I fails to satisfy either Rule 9(b) or the PSLRA.

In his complaint, Einhaus alleges that "[THI] employed fraudulent misrepresentations, artifices of fraud, and material omissions as means to solicit the sale of the Note to EINHAUS." Doc. 1-1 at 4. Einhaus goes on to list four acts that he believes constitute the fraudulent action on the part of THI. Specifically he states that THI:

> a. Failed to pay principal when due; b. Developed, derived and concocted the sale of the Note to EINHAUS with knowledge and intent that it would never repay the Note despite assertions as to the same; c. Willfully concealed and misrepresented its financial condition and the fact that it was generally unable to pay its debts as they came due; and d. Intentionally refused to honor any of the nineteen (19) conversion request that EINHAUS made upon the corporation.

*Id*.

These allegations are little more than bald recitations of the elements of a fraud claim and fail to meet the heightened pleading standards of Rule 9(b) or the PSLRA. Einhaus never identifies the basis upon which he claims that THI concocted the sale of the note knowing or intending to never repay the note or honor its terms. Einhaus does not allege who

10

misrepresented THI's financial condition, how that misrepresentation was conveyed, to whom it was conveyed, when it was conveyed, or what the content of the misrepresentation was. At most he states, "At the time the note was made, and at all times relevant thereafter, [THI] was largely insolvent and unable to repay its debt [sic] as they came due." *Id.* at 2. Einhaus does not provide any support for this allegation or state upon what information it is based. He does not allege other debts THI was unable to pay, how he was aware of THI's ability to pay, or what he means by "largely insolvent." Such bald allegations do not satisfy the pleading requirements of the PSLRA or Rule 9(b).

Furthermore, Einhaus does not allege scienter on the part of THI. Einhaus simply alleges that THI "concocted the sale of the Note to EINHAUS with knowledge and intent that it would never repay the Note despite assertions as to the same." *Id.* at 4. "Conclusory allegations that defendants acted with knowledge that the representations were false and misleading do not satisfy the PSLRA's pleading requirements." *Premier Capital Mgmt., L.L.C. v. Cohen*, No. 02 C 5368, 2003 WL 21960357, at *5 (N.D. Ill. Aug. 15, 2003). Einhaus' conclusory allegations regarding scienter do not meet the pleading requirements under the PSLRA, and Count I fails for this reason as well.

For the foregoing reasons, Einhaus has failed to plausibly allege a securities fraud claim, and the Court grants to motion to dismiss Count I.

### B. Count V: Common-Law Fraud

Einhaus' common-law fraud claim must also satisfy the pleading requirements under Rule 9(b). The elements of common-law fraud in Illinois are:

> (1) a false statement of material fact; (2) known or believed to be false by the person making it; (3) an intent to induce the plaintiff to act; (4) action by the plaintiff in justifiable reliance on the truth of

> the statement; and (5) damage to the plaintiff resulting from such reliance.

*Doe v. Dilling*, 888 N.E.2d 24, 35–36, 228 Ill. 2d 324, 320 Ill. Dec. 807 (2008). For the reasons stated above in Section A, Einhaus fails to adequately allege a material misrepresentation or intent with sufficient particularity to state a claim for common-law fraud. Therefore, the Court grants the motion to dismiss Count V.

### C. Counts II–IV: Action for Debt, Breach of Promissory Note, and Breach of Contract

THI moves to strike Counts II, III, and IV, pursuant to Federal Rule of Civil Procedure 12(f), arguing that they are duplicative . Rule 12(f) allows courts to strike materials from pleadings that are redundant. Fed. R. Civ. P. 12(f). District courts are afforded considerable discretion when ruling on such a motion, but Rule 12(f) motions are typically disfavored because they "potentially serve only to delay." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

Claims are duplicative and subject to being stricken if they are based upon the same operative facts and allege the same injury. *Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737, 744 (7th Cir. 2004). Here, Counts II, III, and IV all arise from THI's alleged failure to satisfy the promissory note and all seek the same $489,256.14 in damages. These Counts appear to be identical for all practical purposes. However, THI has oddly moved to strike all of these Counts rather than strike all but one. Striking all otherwise valid counts because there are duplicative counts included in the complaint is not a proper exercise of the Court's discretion. *See, e.g.*, *Kurtz v. Toepper*, No. 11 C 4738, 2012 WL 33012, at *1 (N.D. Ill. Jan. 6, 2012) (dismissing all but one duplicative count); *Maglaya v. Kumiga*, No. 14-CV-3619, 2015 WL 4624884, at *11 (N.D. Ill. Aug. 3, 2015) (same); *DeGeer v. Gillis*, 707 F. Supp. 2d 784, 795 (N.D. Ill. 2010) (same). Because striking duplicative counts is discretionary,

and THI has not provided the Court a basis upon which to determine which Count should proceed and which should be stricken, the Court denies the motion with respect to Counts II, III, and IV.

## CONCLUSION

For the foregoing reasons, the Court denies THI's motion to transfer [11], and grants in part and denies in part THI's motion to dismiss [10].  The Court grants the motion to dismiss Counts I and V, dismissing those Counts without prejudice, and denies the motion with respect to Counts II, III, and IV.

Dated: January 12, 2018

SARA L. ELLIS
United States District Judge