**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LESTER EINHAUS,** | ) | |
| | ) | **Case. 2017 CV 4478** |
| **Plaintiff,** | ) | |
| | ) | |
| **-v-** | ) | |
| | ) | **Hon. Sara L. Ellis** |
| **TEXTMUNICATION HOLDINGS, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MOTION TO DISMISS COUNT III OF COUNTERCLAIM

NOW COMES the Plaintiff, Lester Einhaus, by and through his attorneys, The Tracy Firm, Ltd., and moves this Honorable Court to dismiss Count III of Defendant's Counterclaim. In support of its Motion, Plaintiff states:

1.    A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cnty. of Boone, 483 F.3d 454, 458 (7th Cir. 2007). To survive dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege facts sufficient to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion, and allegations supported by "mere conclusory statements, do not suffice." McReynolds v. Merrill Lynch & Co., Inc., 694 F.3d 873, 885 (7th Cir. 2012)(citing Iqbal, 556 U.S. at 678). "[A] plaintiff has the obligation to provide factual grounds of his entitlement to relief (more than mere labels and conclusions), and a formulaic recitation of the elements of a cause of action will not do." Bissessur v. Ind. Univ. Bd. Of Trs., 581 F.3d 599, 602 (7th Cir. 2009)(internal quotation marks omitted). A plaintiff's complaint must "actually suggest that that plaintiff has a right to relief, by providing allegations that raise a right to relief above the

speculative level." <u>Indep. Trust. Corp. v. Stewart Info. Servs. Corp.</u>, 665 F.3d 930, 935 (7th Cir. 2012).

2.     Defendant seeks a preliminary and a permanent injunction that prohibits Einhaus from making any new false, defamatory or otherwise harassing statements online about Textmunication or its officers, including Asefi and Thielen. <u>Counterclaim at ¶38</u>. Defendant further seeks an order compelling Einhaus to remove the allegedly defamatory statements. <u>Id</u>. Defendant contends that the alleged defamatory statements are causing continuing damage to it. <u>Id at ¶39</u>.

3.     Injunctive relief is a remedy, not a separate claim. <u>CustomGuide v. CareerBuilder, LLC</u>, 813 F. Supp. 2d 990, 1002 (N.D. Ill. 2011) (dismissing with prejudice a claim for injunction, noting that an injunction "is an equitable remedy, not a separate cause of action"); <u>Town of Cicero v. Metro. Water Reclamation Dist. of Greater Chi.</u>, 976 N.E.2d 400, 414–15 (Ill. App. Ct. 2012) (upholding dismissal of injunctive relief claim because "injunction . . . is not a separate cause of action"). An injunction "is an equitable remedy, not a separate cause of action." <u>Walker v. Bankers Life & Cas. Co.</u>, No. 06 C 6906, 2007 WL 967888, at *4 (N.D.Ill. Mar. 28, 2007) (Conlon, J.).

4.     Notably, Count III is styled as a separate cause of action, not a prayer for relief. Thus, Count III is simply an improper request for an injunction and must be dismissed. Injunctive relief remains available to Defendant later in the litigation should it prevail on its remaining substantive claims. <u>CareerBuilder, LLC</u>, 813 F. Supp. 2d  at 1002.

WHEREFORE, Plaintiff moves this Honorable Court to Dismiss Count III of Defendant's Counterclaim and for such other relief it deems just and appropriate.

Dated: June 6, 2018                              Respectfully submitted,

                                                 LESTER EINHAUS

                                                 _____
                                                 By His Attorney



Adam S. Tracy
(ARDC #6287552)
The Tracy Firm, Ltd.
141 W. Jackson Blvd.
Suite 2172
Chicago, IL 60604
312.754.9499 Tel.
630.689.9471 Fax
at@tracyfirm.com